1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL MAHONEY, an individual,

                Plaintiff,

    v.

EXPEDIA, INC.,

                Defendant.

Case No.  2:20-cv-1296

NOTICE OF REMOVAL

(King County Superior Court,
No. 20-2-11848-6 SEA)

State Action filed: July 29, 2020

        Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, the Class Action Fairness Act of 2005 ("CAFA"), Expedia, Inc. ("Expedia"), hereby removes to the United States District Court for the Western District of Washington the above-captioned lawsuit, originally filed as Case No. 20-2-11848-6 SEA in the Superior Court of Washington for King County.

        CAFA grants district courts original jurisdiction over actions in which: (1) removal is timely; (2) the Complaint alleges a class action; (3) any member of the class of plaintiffs is a citizen of a state different from any defendant, thus establishing the required minimal diversity; (4) the members of the putative class of plaintiffs number over 100; (5) the aggregate amount in controversy exceeds $5,000,000; and (6) exceptions to jurisdiction do not apply.  *See* 28 U.S.C. § 1332(d)(2)(A), 1332(d)(5)(A) and (B).  Removal is proper on the following grounds:

NOTICE OF REMOVAL— 1

1

**Removal Is Timely**

2    1.    Plaintiff filed this action on July 29, 2020.

3    2.    Plaintiff first served Expedia with a copy of the Complaint on July 31, 2020. *See*

4 Declaration of Paul Ip ("Ip Decl.") ¶ 3.

5    3.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is

6 filed within thirty days after completion of service.

7

**This is a Proposed "Class Action"**

8    4.    Plaintiff brings this case as class representative for all similarly situated persons

9 against Expedia for alleged violations of the Washington Consumer Protection Act, RCW

10 19.86.010, *et seq.* ("CPA"). Complaint ("Compl.") ¶¶ 71-74. This action is a proposed "class

11 action" under  28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under Rule 23 of the

12 Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing

13 an action to be brought by 1 or more representative persons as a class action." *Id.*

14

**Diversity of Citizenship Exists**

15    5.    Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a

16 class action in which "any member of a class of plaintiffs is a citizen of a State different from

17 any Defendant." The named Plaintiff is a resident of California. Compl. ¶ 28.

18    6.    "[A] corporation shall be deemed to be a citizen of every State and foreign state

19 by which it has been incorporated and of the State or foreign state where it has its principal place

20 of business." *Id.* § 1332(c)(1). Federal courts apply the "nerve center" test to determine a

21 corporation's principal place of business. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186, 1192

22 (2010). The company's officers or members "direct, control, and coordinate" the company's

23 activities from the "nerve center." *Id.* at 1192. The "nerve center" will "normally be the place

24 where the [company] maintains its headquarters—provided that the headquarters is the actual

25 center of direction, control, and coordination." *Id.*

26    7.    Defendant Expedia, Inc. is a Washington corporation with its principal place of

27 business in Seattle, Washington. *See* Ip Decl. ¶ 2. Expedia conducts business throughout the

NOTICE OF REMOVAL— 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

United States as an online travel company, including in King County, Washington. *Id.* For

diversity purposes, Expedia is a citizen of Washington. 28 U.S.C. § 1332(c)(1); *Hertz*, 130 S. Ct.

at 1192.

### Plaintiff Proposes a Class of More than 100 Persons

8.     Plaintiff asserts a cause of action under the CPA on behalf of himself and

[a]ll persons in the United States who purchased tickets for travel from Expedia
on flights scheduled to operate to, from, or within the United States on or after
March 1, 2020 and who were not offered a refund after their flights were
canceled.

Compl. ¶ 58. Plaintiff further alleges that "Class Members are so numerous and geographically

dispersed that the individual joinder of all Class Members is impracticable. The total number of

members of the proposed Class is greater than 100[.]" *Id.* ¶ 60. Expedia believes Plaintiff's

proposed class to be exceedingly broad and unascertainable.

*9.*     Although Expedia denies liability and contests the propriety of class certification,

for purposes of removal, Expedia's initial investigation, based on US customer reservations on

TAP Air Portugal within the alleged class period rather than Plaintiff's broad class definition,

evidences that Plaintiff's proposed putative class exceeds 2,000 members. 28 U.S.C.

§ 1332(d)(5)(B); Ip Decl. ¶ 6. Expedia's records reflect that within the alleged class period over

2,000 U.S. customers have not yet received refunds for TAP Air Portugal flights booked on

Expedia that were cancelled by the airline. *See* Ip Decl. ¶ 6. Expedia's records further reflect

that the value of these non-refunded flights was in excess of $3,000,000 in gross bookings. *Id.*

### The Amount in Controversy Exceeds $5,000,000

10.     "In any class action, the claims of the individual class members shall be

aggregated to determine whether the matter in controversy exceeds the sum or value of

$5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). This is an "action in which

the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2).

11.     Expedia denies Plaintiff's allegations regarding its liability or any wrongdoing

and will defend against Plaintiff's allegations and oppose certification of the putative class.

NOTICE OF REMOVAL— 3

1  *Grant v. Capital Mgmt. Servs., L.P.*, 2011 WL 3874877, *1 (9th Cir. 2011) (defendant not

2  required to admit liability to remove under CAFA); *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d

3  395, 401 (9th Cir. 2010) (same).  Expedia further denies Plaintiff or the putative class would be

4  entitled to recover any of the amounts claimed.  *Id.*  For purposes of establishing the

5  jurisdictional prerequisites for removal, however, Plaintiff's allegations place more than $5

6  million in controversy.

7      12.    In determining whether the removing party has met the amount-in-controversy,

8  the Court looks first to the complaint.  *Lewis*, 627 F.3d at 399.  When the amount in controversy

9  is not "facially apparent" from the complaint, the Court may consider facts in the removal

10  petition to determine the amount at issue.  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th

11  Cir. 2005).

12      13.    ***CPA Claim Damages.***  Plaintiff's Complaint seeks treble damages and attorneys'

13  fees and costs pursuant to the CPA, RCW 19.86.090.  Compl. ¶¶ 24, 74; *see also id.* at p. 12, ¶ F.

14  The Court should include the amount of treble damages Plaintiff claims, aggregated on a class-

15  wide basis.  *Gibson v. Chrysler Corp*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established

16  that punitive damages are part of the amount in controversy in a civil action."); *see also Chabner*

17  *v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (citing *Galt G/S v. JSS*

18  *Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)).  Plaintiff alleges he was entitled to a refund

19  of his round trip ticket from San Francisco to Milan on TAP Air Portugal for which he paid a

20  total of $905.08.  Compl. ¶¶ 23, 42-44.  Because Expedia's records further reflect that the value

21  of these non-refunded flights was in excess of $3,000,000 in gross bookings, Plaintiff alleges

22  class damages of at least ***$9,000,000*** when trebled, exclusive of attorneys' fees and costs.

23      14.    ***Attorneys' Fees and Costs.***  Where an underlying statute authorizes an award of

24  attorney's fees and costs, attorneys' fees and costs (aggregated on a class-wide basis) are

25  properly included in the amount in controversy.  *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479

26  F.3d 994, 1000 (9th Cir. 2007), *overruled on other grounds as recognized by Rodriguez v. AT &*

27  *T Mobility Services LLC*, 728 F.3d 975 (9th Cir. 2013).  In the context of CAFA jurisdiction, "it

NOTICE OF REMOVAL— 4

is well established that the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorney fees.'" *Jasso v. Money Mart Exp., Inc.*, 11-CV-5500 YGR, 2012 WL 699465, *7 (N.D. Cal. Mar. 1, 2012) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)); *see also Rodriguez v. Cleansource, Inc.*, 14-CV-0789-L DHB, 2014 WL 3818304 (S.D. Cal. Aug. 4, 2014). Potential attorneys' fees and costs for damages of $9,000,000 may thus be calculated at over $2,250,000, for ***total potential damages of $11,250,000.***

15.    Considering that Expedia limited Plaintiff's alleged broad class definition in order to estimate the jurisdictional amount in controversy for removal, potential damages well exceed the $5,000,000 threshold amount. LCR 101(a) (requiring explanation of "good faith belief" as to amount in controversy).

### The Exceptions to Jurisdiction Do Not Apply

16.    The complete diversity between Plaintiff and Expedia not only satisfies the minimal diversity requirements under CAFA, but also precludes the "local controversy" and "home state" exceptions in 28 § U.S.C. 1332(d)(3) & (d)(4) (exemptions for which Plaintiff would bear the burden of proof in any event). Additionally, over two thirds of Plaintiffs' proposed class is outside of Washington State, and Expedia has not been named as a defendant in a class action under a similar theory within the last three years. Ip Decl. ¶¶ 4-5.

### The Remaining Procedural Requirements Are Satisfied

17.    The United States District Court for the Western District of Washington is the federal judicial district embracing King County Superior Court, where the suit was originally filed. 28 U.S.C. § 128(b). Seattle is the proper division or location for the matter. LCR 3(e)(1).

18.    A copy of all process, pleadings, and orders served on Expedia in this action are attached as Exhibit A, pursuant to 28 U.S.C. § 1446(a).

19.    Promptly after filing the Notice of Removal, Expedia will give written notice to Plaintiff's counsel, and will file a copy of this Notice with the Clerk of the King County Superior Court, pursuant to 28 U.S.C. § 1446(d).

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    Wherefore, Expedia hereby removes this action from the Superior Court of Washington

2  for King County.

3

4    DATED this 28th day of August, 2020.

5                                          Davis Wright Tremaine LLP
                                           Attorneys for Expedia, Inc.
6

7                              By:    s/ *Brendan T. Mangan*

8                                     s/ *Zana Bugaighis*

9                                     Brendan T. Mangan, WSBA #17231
                                      Zana Z. Bugaighis, WSBA #43614
10                                    920 Fifth Avenue, Suite 3300
                                      Seattle, Washington  98104-1610
11                                    Telephone:  (206) 622-3150
                                      Fax:  (206) 757-7700
12                                    E-mail: brendanmangan@dwt.com
                                              zanabugaighis@dwt.com
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF REMOVAL— 6

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that I caused the document to which this certificate is attached to be

3  delivered to the following as indicated:

4

5  Daniel F. Johnson                    ( )    By U. S. Mail
   Breskin Johnson Townsend PLLC        ( )    By Federal Express
6  1000 Second Avenue, Suite 3670       ( )    By Facsimile
   Seattle, WA  98104                   ( )    By Messenger
7  Email:  djohnson@bjtlegal.com        (X)    By Email
           jmcclure@bjtlegal.com
8          vnigro@bjtlegal.com

9

10      Declared under penalty of perjury under the laws of the state of Washington dated at Seattle,

11  Washington this 28th day of August, 2020.

12

13                                          *s/ Zana Bugaighis*
                                            Zana Bugaighis
14

15

16

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF REMOVAL— 7

minimalDavis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# EXHIBIT A

1
2
3
4
5
6
7

**SUPERIOR COURT FOR THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF KING**

8   DANIEL MAHONEY;

9                          Plaintiff,            No. 20-2-11848-6 SEA

10

11       v.                                      **SUMMONS**

12   EXPEDIA, INC.;

13                          Defendants.

14
15
16
17

18   THE STATE OF WASHINGTON

19   TO THE DEFENDANT: EXPEDIA, INC.

20       A lawsuit has been started against you in the above-entitled court by the

21   Plaintiff, Daniel Mahoney. Plaintiff claims are stated in the written complaint, a

22   copy of which is served upon you with this summons. In order to defend

23   against this lawsuit, you must respond to the complaint by stating your defense

24   in writing, and by serving a copy upon the undersigned attorney for Plaintiff

25   within 20 days after the service of this summons, excluding the day of service,

26   if served within the State of Washington, or within 60 days after the service of

27   this summons, excluding the day of service, if served personally upon you out

SUMMONS - 1

1 | of the State of Washington, or a default judgment may be entered against you
2 | without notice.  A default judgment is one where Plaintiff is entitled to what has
3 | been asked for because you have not responded.  If you serve a notice of
4 | appearance on the undersigned attorney, you are entitled to notice before a
5 | default judgment may be entered.

6 | If you wish to seek the advice of an attorney in this matter, you should
7 | do so promptly so that your written response, if any, may be served on time.
8 | This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of
9 | the State of Washington.

11 | DATED:  July 29, 2020

13 | BRESKIN JOHNSON & TOWNSEND, PLLC

14 | By:  s/ Daniel F. Johnson
     Daniel F. Johnson, WSBA #27848
15 | 1000 Second Avenue, Suite 3670
     Seattle, WA 98104
16 | Tel: (206) 652-8660
     djohnson@bjtlegal.com

17 | Attorneys for Plaintiff

1
2
3
4
5
6
7

**IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON IN AND FOR THE COUNTY OF KING**

8
9

| | Cause No.: |
| DANIEL MAHONEY, an individual, | **COMPLAINT** |
| Plaintiff, | |
| v. | |
| EXPEDIA, INC.; | |
| Defendant. | |

10
11
12
13
14
15
16

### I.     COMPLAINT – CLASS ACTION

Plaintiff, Daniel Mahoney, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant Expedia, Inc. ("Expedia"), alleging as follows:

### II.     NATURE OF ACTION

1.     This Class Action Complaint comes during a global pandemic arising from a novel coronavirus, COVID-19. Nationwide lockdowns have sent unemployment to historic levels, and the economic and health effects have imposed great hardship on millions of Americans. National and worldwide travel restrictions have been imposed to protect health and welfare during this public health emergency.

26

BRESKIN | JOHNSON | TOWNSEND ᴾᴸᴸᶜ
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

1    2.    The pandemic has dramatically impacted travel, particularly air travel,

2    which is down nearly 70% from last year. The ability to travel has been eliminated for

3    many Americans.

4    3.    Airlines have slashed flight schedules, resulting in thousands of flight

5    cancellations for millions of passengers.

6    4.    Under U.S. law, airline passengers are entitled to a refund if the airline

7    cancels a flight, regardless of the reason the airline cancels the flight.

8    5.    Some carriers have honored this requirement, while others have not.

9    6.    Some carriers have offered only to rebook and/or provide travel vouchers

10    to passengers whose trips the airlines canceled.

11    7.    Many of these carriers market and book their flights to consumers through

12    online travel agencies.

13    8.    An online travel agency (OTA) is a web-based marketplace that allows

14    consumers to research and book travel products and services through a single

15    interface.

16    9.    When using an OTA, the consumer books his or her flight directly with the

17    OTA rather than the airline.

18    10.    The OTA acts as a "middleman" or broker in the transaction between the

19    consumer and the airline.

20    11.    The OTA provides the consumer with confirmation of the flight, and

21    provides the consumer with other important notices about the flight thereafter, including

22    delays and cancelations.

23    12.    The consumer's primary relationship with respect to his or her flight

24    purchase is with the OTA.

25    13.    The OTAs charge a booking fee to the airlines, and often that fee is

26    passed directly to consumers within the price of the flight.

COMPLAINT - 2

14.    Millions of American consumers book airline travel through OTAs.

15.    The largest OTAs have come to possess considerable leverage in the travel marketplace, and most airlines offer flights through OTAs.

16.    Expedia is the largest OTA in the United States with approximately 70 percent of the OTA market. Expedia operates Expedia.com, Orbitz, Hotels.com, Trivago, CheapTickets, Hotwire, HomeAway, and Travelocity.

17.    During this unprecedented global health and economic crisis, consumers' need for refunds over travel vouchers is pressing. Travel vouchers provide little security in this crisis, particularly where many individuals need money now to pay for basics like food and rent.

18.    When airlines began cancelling flights in the spring of 2020, customers who had booked their flights through Expedia received notice of the cancellations directly from Expedia.

19.    Expedia told its customers what their options were, and told its customers to contact Expedia to elect an option.

20.    However, Expedia does not necessarily provide its customers with refunds for canceled flights.

21.    If an airline tells Expedia that a refund is not an option, Expedia tells its customer that a refund is not an option.

22.    In its role as middleman or broker, Expedia manages the consumer's purchase, but refuses to ensure that they receive refunds for canceled flights if an airline does not agree to do so.

23.    Expedia's actions have financially damaged Plaintiff and the Class Members. Plaintiff requested refunds for tickets on a cancelled flight and was entitled to a refund. But, as with so many other passengers, Expedia denied that request. Expedia has engaged in unfair and deceptive conduct through its policy to refuse refunds,

COMPLAINT - 3

1  limiting and forcing customers into a rebooked flight or travel voucher instead of
2  returning their money.

3      24.    As a result, Plaintiff brings this action because Plaintiff and the Class
4  Members did not receive refunds for cancelled flights booked through Expedia, lost the
5  benefit of their bargain and suffered injury to business or property, and are entitled to
6  recover compensatory damages, trebled, and attorney's fees and costs.

7              III.    JURISDICTION AND VENUE

8      25.    This Court has jurisdiction over the subject matter of this action under
9  RCW 19.86.090.

10     26.    This Court has personal jurisdiction over the Defendant because it is
11  headquartered and resides in King County, Washington.

12     27.    Venue is appropriate in this Court because Defendant maintains its
13  principal place of business within King County.  Upon information and belief, events and
14  transactions causing the claims herein, including Expedia's decision-making regarding
15  its refund policy challenged in this lawsuit, has occurred within King County.

16              IV.    PARTIES

17     28.    Plaintiff Daniel Mahoney is a citizen and resident of the State of California.
18  He purchased a ticket from Expedia in December 2019 for travel to Italy in July 2020 on
19  TAP Air Portugal.  In May 2020, Expedia notified Plaintiff that his flights had been
20  cancelled.  Despite requesting and being entitled to a refund for his cancelled flight,
21  Expedia has refused to provide Plaintiff a refund.

22     29.    Defendant Expedia, Inc. is a Washington corporation with a principal place
23  of business at 1111 Expedia Group Way W., Seattle, Washington, 98119-1111.  It
24  provides online travel agency services to the general public, including the sale of airline
25  travel on a variety of airlines worldwide.

26

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

1

## V.    FACTS

2     30.    On March 11, 2020, the World Health Organization declared COVID-19 a

3   pandemic. That same day, U.S. officials announced new travel bans blocking most

4   visitors from continental Europe to the United States.

5     31.    Travel restrictions domestically began on March 16, 2020, with many

6   states, counties, and municipalities announcing shelter-in-place orders throughout the

7   weeks that followed.

8     32.    Many other countries have instituted similar travel bans and restrictions.

9   At the time of the drafting of this complaint, most European nations have not yet begun

10   permitting Americans to enter their countries.

11     33.    As airlines announced flight cancellations (combined with decreased

12   bookings), some took a variety of steps to make it difficult, if not impossible, for

13   consumers to receive any refund on pandemic cancelled flights.

14     34.    Despite its role as middleman or broker in its customers' purchase of air

15   travel on these airlines, Expedia did not intervene or take steps to ensure that its

16   customers were given the right to receive a refund on pandemic cancelled flights. It did

17   so despite consumers' right to receive a refund for canceled flights, even with

18   nonrefundable tickets.

19     35.    According to the United States Department of Transportation's April 3,

20   2020, Enforcement Notice, if any airline cancels a flight, passengers are entitled to

21   receive a full refund.

22     36.    This notice was issued to "remind" both U.S. and foreign carriers that,

23   during the pandemic, their "obligation to refund passengers for cancelled or significantly

24   delayed flights remains unchanged."

25

26

COMPLAINT - 5

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

37.   The DOT's notice pointed out that this obligation to promptly refund airfare for flights that a carrier cancels is "longstanding," citing *Enhancing Airline Passenger Protections*, 76 Fed. Reg. 23110-01 (April 25, 2011).

38.   However, many airlines have attempted to keep passenger money through providing travel credits, not refunds.

39.   When customers purchased tickets from Expedia on flights that were later canceled, Expedia has not taken steps to ensure its customers have the option of receiving a full refund.

40.   According to the Department of Transportation, it is an unfair or deceptive practice for an OTA to "fail[] or refus[e] to make proper refunds promptly when service cannot be performed as contracted." 14 C.F.R. § 399.80(l).

41.   Expedia's failure to ensure customers refunds contradicts such established transportation requirements that operate for the benefit and protection of OTA consumers, and constitutes an unfair or deceptive trade practice under Washington law.

42.   On or about December 6, 2019, Plaintiff Mahoney purchased a round trip ticket from San Francisco to Milan from Expedia, on flights provided by TAP Air Portugal.

43.   According to his itinerary supplied by Expedia, he was to depart on July 19, 2020, and return on July 27, 2020.

44.   Plaintiff was charged a total of $905.08 for these flights.

45.   On May 24, 2020, Expedia notified Plaintiff by email that the airline had "made an involuntary schedule change" and "unfortunately your original flight is no longer operating."

COMPLAINT - 6

BRESKIN | JOHNSON | TOWNSEND ᴾᴸᴸᶜ
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

1    46.    Expedia told Plaintiff it had "worked closely with TAP Portugal to come up

2    with comparable flight options" and requested his "immediate response to this email

3    with the option [he] would like to proceed."

4         47.    Expedia gave Plaintiff only one option:

5         OPTION 1
         Depending on TAP Portugal policy, you may request a full refund for your
6         ticket.  If you choose this option, you'll need to make a new booking
         based on the flights and prices currently available.
7

8    48.    Expedia also promised to "contact [Plaintiff] first by phone, then by email

9    if the option you choose is no longer available."

10    49.    The day after receiving this email, Plaintiff went to Expedia's website and

11    initiated a "chat" conversation with an Expedia agent. He requested a refund of his

12    purchase for the canceled flight. The agent said that he would instead receive a

13    voucher for his purchase price for use with American Airlines, valid until December 31,

14    2020. The agent indicated that the airline would not provide a refund. Plaintiff said he

15    wanted a refund, and the agent disconnected the chat.

16    50.    Plaintiff promptly initiated a second chat with a second Expedia agent.

17    The second agent said the same thing as the first. The agent said that the airline would

18    only provide a voucher. Plaintiff indicated he believed he had a legal right to a refund.

19    The second agent disconnected the second chat with the Plaintiff.

20    51.    Plaintiff spent between 30 and 60 minutes engaged in these two chats

21    with Expedia, to no effect.

22    52.    Plaintiff then called Expedia. After reaching an Expedia agent, the agent

23    told Plaintiff the same thing the previous agents had—that that the airline was not

24    offering a refund but only a voucher for use on American Airlines. This agent said the

25    voucher would be valid until December 31, 2021. Again, when Plaintiff asserted he had

26    a right to and wanted a refund, the agent disconnected the call.

53.    Plaintiff called Expedia a second time and, after reaching a fourth Expedia agent, asked to speak to a supervisor.  He explained his previous experiences being disconnected, and the agent said if that happened again, Expedia would call him back. Plaintiff was put on hold.  After about 45 minutes, Plaintiff gave up and disconnected.

54.    The Expedia agent called Plaintiff back and connected him with a supervisor.  Plaintiff explained all of his previous contacts and his belief that he was entitled to a refund.  The supervisor told Plaintiff that Expedia would need some kind of code from TAP Portugal to process a refund and that "without that code my hands are tied."  The supervisor said he would check into the refund, and that Plaintiff would hear back from Expedia.

55.    Plaintiff spent over two hours engaged in these calls with Expedia.

56.    Expedia did not contact Plaintiff again.

57.    Over a week later, on or about June 3, 2020, Plaintiff called Expedia a third time.  When he reached an agent, he told her the entire story again, and again asked for a refund.  The agent told Plaintiff she would check with the airline and put Plaintiff on hold.  After about 30 or 40 minutes, the agent came back on the line and again said that the airline would only offer him a voucher, not a refund.

## VI.    CLASS ACTION ALLEGATIONS

58.    Plaintiff sues under Rule 23(a), (b)(2), and Rule 23(b)(3) of the Civil rules, on behalf of himself and a Class defined as follows:

> All persons in the United States who purchased tickets for travel from Expedia on flights scheduled to operate to, from, or within the United States on or after March 1, 2020 and who were not offered a refund after their flights were canceled.

Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during this litigation.

BRESKIN | JOHNSON | TOWNSEND ᴾᴸᴸᶜ
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

59.    The definition of the Class is unambiguous. Plaintiff is a member of the Class he seeks to represent. Class Members can be notified of the class action through ticketing contact information and/or address lists maintained in the usual course of business by Defendant.

60.    Under Rule 23(a)(1), Class Members are so numerous and geographically dispersed that the individual joinder of all Class Members is impracticable. The total number of members of the proposed Class is greater than 100 and likely in the tens or hundreds of thousands.

61.    Expedia has acted or refused to act on grounds generally applicable to Plaintiff and the Class Members, making appropriate final injunctive relief and declaratory relief regarding the Class under Rule 23(b)(2).

62.    Plaintiff shows that common questions of law and fact predominate over the questions affecting only individual Class Members under Rule 23(a)(2) and (b)(3). Some of the common legal and factual questions include:

a.  Whether Defendant engaged in the conduct alleged;

b.  Whether Defendant has a policy and/or procedure of denying refunds to Class Members for cancelled flights;

c.  Whether Defendant's policy and/or procedure of denying refunds to passengers on cancelled flights is unfair or deceptive under Washington law;

d.  Whether Washington law applies to the claims of all Class members nationwide;

e.  The nature and extent of damages and other remedies to which the conduct of Defendant entitles the Class Members.

63.    Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by the Class Members. Similar or identical statutory violations and deceptive business practices are involved. Individual questions pale by comparison to the numerous common questions that predominate.

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

64.    The injuries sustained by the Class Members flow, in each instance, from a common nucleus of operative facts under Rule 23(a)(2) – Defendant's misconduct. In each case Defendant sold tickets on flights that were cancelled yet denied refunds to Class Members for such cancelled flights.

65.    The Class Members have been damaged by Defendant's misconduct through Expedia's practice of denying refunds to Class Members for such cancelled flights.

66.    Plaintiff's claims are typical of the claims of the other Class Members as required by Rule 23(a)(3). Plaintiff paid for airline tickets and did not receive a refund for his cancelled flight.

67.    Plaintiff and his counsel will fairly and adequately protect the interests of the Class as required by Rule 23(a)(4). Plaintiff is familiar with the basic facts that form the bases of the Class Members' claims. Plaintiff's interests do not conflict with the interests of the other Class Members he seeks to represent. Plaintiff has retained counsel competent and experienced in class action litigation and intends to prosecute this action vigorously. Plaintiff's counsel has successfully prosecuted complex class actions, including consumer protection class actions. Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the Class Members.

68.    Consistent with Rule 23(b)(3), the class action device is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and the Class Members. The relief sought per individual members of the Class is small given the burden and expense of individual prosecution of the potentially extensive litigation necessitated by the conduct of Defendant. It would be virtually impossible for the Class Members to seek redress individually. Even if the Class Members themselves could afford such individual litigation, the court system could not.

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

1    69.    The King County Superior Court is a desirable forum under Rule

2    23(b)(3)(C) because Defendant is headquartered in Seattle, made pertinent decisions

3    here, and information and relevant documents are expected to exist within this County.

4    70.    Further, under Rule 23(b)(3)(D), individual litigation of the legal and factual

5    issues raised by the conduct of Defendant would increase delay and expense to all

6    parties and to the court system. The class action device presents far fewer

7    management difficulties and provides the benefits of a single, uniform adjudication,

8    economies of scale, and comprehensive supervision by a single court. Given the similar

9    nature of the Class Members' claims and the absence of material differences in the

10    state statutes and common laws upon which the Class Members' claims are based, a

11    nationwide Class will be easily managed by the Court and the parties.

12                        **VII.    CAUSES OF ACTION**

13            **VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT**

14    71.    Plaintiff restates, re-alleges, and incorporates herein by reference the

15    preceding paragraphs as if fully set forth herein and further alleges as follows:

16    72.    Defendant's acts and practices are unfair or deceptive practices in trade or

17    commerce and therefore violate the Washington Consumer Protection Act, Wash. Rev.

18    Code § 19.86.010, et seq.

19    73.    Defendant's acts and practices caused damage to the business or

20    property of Plaintiff and members of the Class in connection with the sale and refunds of

21    airline tickets.

22    74.    Plaintiff, on behalf of himself and the Class Members, seeks monetary

23    damages, treble damages, and such other and further relief as set forth in each of the

24    above-enumerated statutes.

25

26

COMPLAINT - 11

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

1

## VIII.    PRAYER FOR RELIEF

2    WHEREFORE, Plaintiff and the Class Members request that the Court enter an

3    order or judgment against Defendant including:

4    A.    Certification of the action as a class action under Rules 23(b)(2) and/or

5    23(b)(3) of the Civil Rules, appointment of Plaintiff as Class Representative, and

6    appointment of his counsel as Class Counsel;

7    B.    Damages and refunds in the amount of unrefunded monies paid for tickets

8    sold by Defendant for flights that have been canceled;

9    C.    Actual damages, statutory damages, punitive or treble damages, and such

10    other relief as provided by law;

11    D.    Pre-judgment and post-judgment interest on such monetary relief;

12    E.    Other appropriate injunctive relief as permitted by law or equity, including

13    an order enjoining Defendant to obtain and issue refunds for cancelled flights;

14    F.    The costs of bringing this suit, including reasonable attorney's fees; and

15    G.    All other relief to which Plaintiff and members of the Class may be entitled

16    by law or in equity.

17

## IX.    JURY DEMAND

18    Plaintiff demands trial by jury on his own behalf and on behalf of the Class

19    Members.

20    Dated: July 29, 2020

21                                    BRESKIN JOHNSON & TOWNSEND, PLLC

22

23    By:  _s/ Daniel F. Johnson_
                Daniel F. Johnson, WSBA #27848
24                1000 Second Avenue, Suite 3670
                Seattle, WA 98104
25                Tel: (206) 652-8660
                djohnson@bjtlegal.com

26                                    Attorneys for Plaintiff

COMPLAINT - 12

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| Daniel Mahoney | NO. 20-2-11848-6  SEA |
| **Plaintiff(s)** | ORDER SETTING CIVIL CASE SCHEDULE |
| vs | |
| | ASSIGNED JUDGE: RUHL, Dept. 08 |
| INC. EXPEDIA | |
| | FILED DATE: 07/29/2020 |
| **Defendant(s)** | TRIAL DATE:07/26/2021 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (*Schedule*) on the Defendant(s) along with the *Summons and Complaint/Petition.* Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition*, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].
        **You are required to give a copy of these documents to all parties in this case.**

## I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of $240 must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $250 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $400 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|------------|-----------|
| | Case Filed and Schedule Issued. | 07/29/2020 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2].<br>$220 arbitration fee must be paid | 01/06/2021 |
| * | DEADLINE to file Confirmation of Joinder if not subject to Arbitration [See KCLCR 4.2(a) and Notices on Page 2]. | 01/06/2021 |
| | DEADLINE for Hearing Motions to Change Case Assignment Area [KCLCR 82(e)]. | 01/20/2021 |
| | DEADLINE for Disclosure of Possible Primary Witnesses [See KCLCR 26(k)]. | 02/22/2021 |
| | DEADLINE for Disclosure of Possible Additional Witnesses [See KCLCR 26(k)]. | 04/05/2021 |
| | DEADLINE for Jury Demand [See KCLCR 38(b)(2)]. | 04/19/2021 |
| | DEADLINE for a Change in Trial Date [See KCLCR 40(e)(2)]. | 04/19/2021 |
| | DEADLINE for Discovery Cutoff [See KCLCR 37(g)]. | 06/07/2021 |
| | DEADLINE for Engaging in Alternative Dispute Resolution [See KCLCR 16(b)]. | 06/28/2021 |
| | DEADLINE: Exchange Witness & Exhibit Lists & Documentary Exhibits [KCLCR 4(j)]. | 07/06/2021 |
| * | DEADLINE to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(1)] | 07/06/2021 |
| | DEADLINE for Hearing Dispositive Pretrial Motions [See KCLCR 56; CR 56]. | 07/12/2021 |
| * | Joint Statement of Evidence [See KCLCR 4 (k)] | 07/19/2021 |
| | DEADLINE for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 07/19/2021 |
| | Trial Date [See KCLCR 40]. | 07/26/2021 |

The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

### III. ORDER

Pursuant to King County Local Rule 4 [KCLCR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this Order Setting Civil Case Schedule and attachment on all other parties.

DATED:    07/29/2020

PRESIDING JUDGE

1

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case
schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned
court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil
Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil
rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to
Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES
IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

### A. Joint Confirmation regarding Trial Readiness Report
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the
assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected
duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g.,
interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms.
If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's
counsel is responsible for contacting the other parties regarding the report.

### B. Settlement/Mediation/ADR
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement
demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for
defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been
held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT
IN SANCTIONS.

### C. Trial
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the
court. The Friday before trial, the parties should access the court's civil standby calendar on the King County
Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

### MOTIONS PROCEDURES

### A. Noting of Motions

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument
before the assigned judge. The moving party must arrange with the hearing judge a date and time for the
hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for
summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be
found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the
assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date
by which the ruling is requested; this date must likewise conform to the applicable notice requirements.
Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule

1

7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court.** Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count

1

includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

_____

PRESIDING JUDGE

1

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING**

| | |
|---|---|
| Daniel Mahoney | No. 20-2-11848-6  SEA |
| vs | **CASE INFORMATION COVER SHEET AND AREA DESIGNATION** |
| Expedia | (CICS) |

**CAUSE OF ACTION**

MSC - Miscellaneous

**AREA OF DESIGNATION**

SEA        Defined as all King County north of Interstate 90 and including all of Interstate 90
           right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and
           all of Vashon and Maury Islands.

IN THE SUPERIOR COURT, IN AND FOR THE COUNTY OF KING, STATE OF WASHINGTON

**DANIEL MAHONEY**

Plaintiff/Petitioner

vs.

**EXPEDIA, INC.**

Defendant/Respondent

Cause No.: **20-2-11848-6 SEA**

Hearing Date:

DECLARATION OF SERVICE OF
**SUMMONS; COMPLAINT; ORDER SETTING CIVIL CASE SCHEDULE; CASE INFORMATION COVER SHEET AND AREA DESIGNATION**

The undersigned hereby declares: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the **31st day of July, 2020** at **12:25 PM** at the address of **711 CAPITOL WAY S STE 204, Olympia, Thurston County, WA 98501-1267**; this declarant served the above described documents upon **EXPEDIA, INC. c/o National Registered Agents, Inc., Registered Agent** by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **National Registered Agents, Inc., Registered Agent, Who accepted service in accordance with social distancing requirements (placed the documents in a clearly visible place at least six feet away from the subject and advised the subject to retrieve them after stepping away), with identity confirmed by physical description, a brown-haired white male approx. 35-45 years of age, 5'6"-5'8" tall and weighing 180-200 lbs with a beard and glasses. James Roberts.** .

No information was provided or discovered that indicates that the subjects served are members of the United States military.

**ORIGINAL PROOF OF SERVICE**
PAGE 1 OF 2

For: Breskin, Johnson & Townsend, PLLC
Ref #: Mahoney 930

Tracking #: **0055772912**



| PLAINTIFF/PETITIONER:  DANIEL MAHONEY | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  EXPEDIA, INC. | 20-2-11848-6 SEA |

Service Fee Total: **$79.50**

Declarant hereby states under penalty of perjury under the laws of the State of Washington that the statement above is true and correct.

Date:   07/31/2020

**Kevin Nakai, Reg. # 3465919, Washington**



**ORIGINAL PROOF OF SERVICE**
PAGE 2 OF 2

For: **Breskin, Johnson & Townsend, PLLC**
Ref #: **Mahoney 930**

Tracking #: **0055772912**



The Honorable John R. Ruhl

SUPERIOR COURT OF THE STATE OF WASHINGTON
KING COUNTY

DANIEL MAHONEY, an individual,

              Plaintiff,

    v.

EXPEDIA, INC.,

              Defendant.

No. 20-2-11848-6 SEA

NOTICE OF APPEARANCE

*Clerk's Action Required*

TO:  All Parties

      Please take notice that Zana Bugaighis hereby appears in this case as counsel for Defendant Expedia, Inc. and requests that all further papers and pleadings, except original process, be served upon her.  By this appearance, Defendant do not waive any applicable defenses, including without limitation, lack of jurisdiction, improper venue, insufficiency of process, insufficiency of service of process, removal, failure to state a claim, and failure to join a necessary party.

      DATED this 20th day of August, 2020.

                      Davis Wright Tremaine LLP
                      Attorneys for Defendant

                      By */s/ Zana Bugaighis*
                         Zana Bugaighis, WSBA #43614
                         920 Fifth Avenue, Suite 3300
                         Seattle, Washington  98104-1610

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

Telephone:  (206) 622-3150
Fax:  (206) 757-7700
Email:  zanabugahighs@dwt.com

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF APPEARANCE - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

**CERTIFICATE OF SERVICE**

2        The undersigned hereby certifies that on this day she caused a copy of the foregoing

3    document to be served upon the following counsel of record via King County E-Service:

4        Daniel J. Johnson
         Breskin Johnson Townsend PLLC
5        1000 Second Avenue, Suite 3670
         Seattle, WA  98104
6

7        Dated this 20th day of August, 2020.

8

9                                          */s/ Zana Bugaighis*
                                           Zana Bugaighis, WSBA #43614
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF APPEARANCE - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax